426 F.Supp. 282 (1977)
FEDERAL NATIONAL MORTGAGE ASSOCIATION, a corporation, Plaintiff,
v.
Elizabeth Simmons GREGORY and Elmo Gregory, her husband, Defendants and Third-Party Plaintiffs,
v.
FEDERAL HOUSING ADMINISTRATION, a United States Government Agency, et al., Third-Party Defendants.
No. 74-C-254.
United States District Court, E. D. Wisconsin.
January 10, 1977.
*283 Foley & Capwell, John W. Foley, Racine, Wis., for plaintiff.
Robert G. Roberts, Schwartz, Schwartz & Roberts, Racine, Wis., for Morano.
William J. Mulligan, U. S. Atty., Milwaukee, Wis., for Fed. Housing.
Theodore Harris, Racine, Wis., for Gregory.
Charne, Glassner, Tehan & Taitelman, Milwaukee, Wis., for Katz.
Thomas J. Drought, Cook & Franke, Milwaukee, Wis., for Grootemaat and Widner.
Richard J. Johnson, Racine, Wis., for Orth.

DECISION and ORDER
MYRON L. GORDON, District Judge.
The plaintiff in the above action has moved for summary judgment, pursuant to Rule 56, Federal Rules of Civil Procedure. The third party defendants Federal Housing Administration, Lawrence S. Katz, and John Doe have moved to dismiss the third party plaintiffs' complaint pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, for failure to state a claim against them on which relief can be granted. I believe that both of these motions should be granted.

MOTION FOR SUMMARY JUDGMENT
Based on the record before me, I find that there is no dispute as to the following material facts: On or about February 5, 1970, the defendant Elizabeth Simmons Gregory (then Elizabeth Simmons) executed a promissory note in the amount of $12,700 at 8½% annual interest to A. L. Grootemaat & Sons, Inc., one of the third party defendants. The note obligated Mrs. Gregory to make monthly payments in the amount of $102.36 beginning on March 1, 1970, and continuing until the principal and interest on the note was paid.
As security for the note, Mrs. Gregory also executed a purchase money mortgage in the same amount and with the same monthly payments as the note relative to the real estate located at 1037 Grand Avenue, Racine, Wisconsin. The note provided among other things that in the event of a default in payment of principal or interest, the mortgagee or its assignees could declare all sums then owing immediately due and payable and sell the mortgaged premises at a public auction.
On March 9, 1970, in consideration for "one dollar and other good and valuable considerations [sic]," A. L. Grootemaat & Sons, Inc. assigned the note and mortgage to the plaintiff. The assignment was an "arms length transaction between unrelated and non-connected corporate entities." The plaintiff-assignee would appear to have taken the note and mortgage in good faith and without notice of any defenses.
Mrs. Gregory has made no payments on the note since July 12, 1973, and the entire balance on the note has therefore been declared due and payable.
*284 The plaintiff's motion for summary judgment is based on its contentions that it is a holder in due course of the note accompanying the mortgage, that the defendants have raised no defense to which it is subject in such a capacity, and that judgment should therefore be entered in its favor.
In response, the defendants point out that the pleadings present a disputed issue of fraud allegedly perpetrated against Mrs. Gregory at the time she signed the note and mortgage. The third party complaint asserts that the third party defendants induced Mrs. Gregory to sign those instruments by fraudulently representing to her that all repairs had been completed or that sufficient funds had been escrowed to complete the repairs on the premises she was purchasing. The third party plaintiffs further allege that the third party defendants fraudulently induced Mrs. Gregory's minor daughter to sign an FHA certificate stating that her mother found the requisite repairs satisfactorily completed. In the Gregorys' view, allegations of fraud, which include the assignor, place an affirmative duty on the plaintiff-assignee to make inquiries about the original transaction before it can satisfy the good faith and lack of notice requirements for a holder in due course.
Wis.Stat. 403.302(1) provides:
"403.302 Holder in due course. (1) A holder in due course is a holder who takes the instrument:
"(a) For value; and
"(b) In good faith; and
"(c) Without notice that it is overdue or has been dishonored or of any defense against or claim to it on the part of any person."
Wis.Stat. 403.307 provides:
"403.307 Burden of establishing signatures, defenses and due course. (1) Unless specifically denied in the manner provided in s. 891.25 each signature on an instrument is admitted. When the effectiveness of a signature is put in issue:
"(a) The burden of establishing it is on the party claiming under the signature; but
"(b) The signature is presumed to be genuine or authorized except where the action is to enforce the obligation of a purported signer who has died or become incompetent before proof is required.
"(2) When signatures are admitted or established, production of the instrument entitles a holder to recover on it unless the defendant establishes a defense.
"(3) After it is shown that a defense exists a person claiming the rights of a holder in due course has the burden of establishing that he or some person under whom he claims is in all respects a holder in due course."
The Gregorys cite Union State Bank v. Savord, 186 Wis. 365, 202 N.W. 688 (1925), Hodge v. Smith, 130 Wis. 326, 110 N.W. 192 (1907), and Mortgage Associates, Inc. v. Siverhus, 63 Wis.2d 650, 218 N.W.2d 266 (1974), in support of their position that the plaintiff must inquire about the original transaction when that transaction was allegedly induced through fraud. I believe that Union State Bank and Hodge simply state the rule of law codified most recently in Uniform Commercial Code, Wis.Stats. 403.307(2) and (3). Although the holder in Mortgage Associates did make certain inquiries, that case did not decide that such inquiry is required of every holder of an instrument seeking holder in due course status.
The genuineness of Mrs. Gregory's signatures on the note and mortgage are not in issue; therefore the plaintiff need not make any showing under Wis.Stat. 403.307(1). However, as noted above, Mrs. Gregory has raised the defense of fraud in the inducement. The plaintiff now has the burden of showing that it is a holder in due course. Wis.Stat. 403.307(3). In my view, the plaintiff has met that burden.
The assignment states that the note and mortgage were assigned to the plaintiff for "one dollar and other good and valuable considerations [sic]." The plaintiff has filed affidavits made by its senior loan representative and by the assignor's vice president. The affidavits show that the documents were assigned to the plaintiff on March 9, *285 1970 "as the result of an arms length transaction between unrelated and non-connected corporate entities" and that the plaintiff took them in good faith and without notice of any defense by any person. The defendants do not claim that the affiants are incompetent to testify in court to these facts.
The Gregorys assert that the FHA certificate allegedly signed by Mrs. Gregory's daughter gave the plaintiff notice of fraud in the original transaction and that the plaintiff's failure to inquire thereafter means that it has not acted in good faith. I disagree. Nothing in the record indicates that the plaintiff ever saw the FHA certificate. The Gregorys filed no evidentiary material, and specifically there is no evidence that notice of alleged fraud may be imputed to the assignee. I conclude that the plaintiff has satisfied its burden under Wis.Stat. 403.307(3) and that it is therefore a holder in due course under Wis.Stat. 403.302(1).
As a holder in due course, the plaintiff is subject to certain defenses enumerated in Wis.Stat. 403.305. The defense of fraud in the inducement raised by Mrs. Gregory is ineffective against a holder in due course, cf. official UCC comment (7) to Wis.Stat. 403.305(2)(c). I am persuaded that the plaintiff is a holder in due course not subject to the defense advanced, and I will therefore grant the plaintiff's motion for summary judgment.

MOTION TO DISMISS
The third party defendants FHA, Lawrence S. Katz, and John Doe have moved to dismiss the third party complaint pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, on the ground that it fails to state a claim against them on which relief can be granted. The third party complaint alleges that the movants, in concert with others, fraudulently misrepresented the cost and extent of repairs required on the property purchased by Mrs. Gregory, fraudulently misrepresented that the repairs were completed, thereby inducing Mrs. Gregory to sign the note and mortgage, and fraudulently induced Mrs. Gregory's daughter to sign the FHA certificate. The third party plaintiffs seek compensatory and punitive damages.
Claims for damages flowing from fraudulent misrepresentation by the FHA or its agents fall under the Federal Tort Claims Act (FTCA), and that act provides the Gregorys exclusive remedy for those claims. 28 U.S.C. § 1346(b), 28 U.S.C. § 2679, Edelman v. FHA, 382 F.2d 594, 596 (2d Cir. 1967).
The FTCA requires that the third party plaintiffs present their claims to an "appropriate Federal agency" before pursuing them in federal court. 28 U.S.C. § 2675(a). The Gregorys do not suggest that they previously have done so. I will therefore grant the movants' motion and dismiss this action without prejudice as to them.
United States v. Neustadt, 366 U.S. 696, 81 S.Ct. 1294, 6 L.Ed.2d 614 (1961) suggests that 28 U.S.C. § 2680(h) bars claims arising out of both negligent and wilful misrepresentation. However, I intimate no view on this matter at this time.
Therefore, IT IS ORDERED that the plaintiff's motion for summary judgment be and hereby is granted. The plaintiff's counsel is directed to submit a proposed order conforming with this decision and order and specifying the amount due on the note. Such order should be filed with this court within 15 days of the date of this order, after first exhibiting it to the defendants' counsel.
IT IS ALSO ORDERED that the motion of the third party defendants Federal Housing Administration (FHA), Lawrence S. Katz, and John Doe to dismiss the third party complaint against them be and hereby is granted, and this action is hereby dismissed against them, without prejudice.